**SO ORDERED.**

**SIGNED this 27th day of March, 2008.**

_____
**LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE**

_____

# United States Bankruptcy Court
### Western District of Texas
### San Antonio Division

| | |
|---|---|
| IN RE | BANKR. CASE NO. |
| ESTHER D. MORALES | 07-31453-C |
| *DEBTOR* | CHAPTER 7 |

### ORDER DENYING APPROVAL OF REAFFIRMATION

CAME ON for consideration the foregoing matter. The debtor's scheduled discharge date was February 17, 2008. The clerk of court flagged the case, delaying the actual entry of the discharge. The discharge was entered February 26, 2008.

That same day, February 26th, the debtor signed a reaffirmation agreement with Capital One Auto Finance Corp. The agreement was forwarded to the creditor which accepted the proposed agreement on March 10, 2008. The agreement was filed the same day.

The agreement was made when the proposed agreement was accepted. In this case, that was March 10, 2008. Section 524(c)(1) states that, for reaffirmation agreement to be enforceable, it must have been made before the granting of the discharge. *See In re Herrera*, 380 B.R. 446 (Bankr.

W.D.Tex. 2007). That date would either have been the originally scheduled date (February 17, 2008) or the date of its actual entry (February 26, 2008). Using either event, this agreement was *made* after the "granting of the discharge." Accordingly, the agreement is unenforceable as a matter of law.

The debtor is of course free to continue to make her payments, and the creditor is of course free to let her. Discharge only affects the right of the creditor to collect a deficiency judgment in the unfortunate event that the creditor were required to repossess and sell the car, and to then try to sue or otherwise collect from the debtor for any debt remaining due.

The reaffirmation agreement is not approved because, as a matter of law, it is not enforceable.

# # #